[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Sue Wise, now deceased, was ineffective in assisting him in that at the time of the plea negotiation for him she represented his brothers which representation resulted in a conflict of interest. The petitioner had been arrested on May 5, 1991 in information CR6-341188 along with his brothers, Michael Ketchum in CR6-341190 and Alex Ketchum in CR6-347400 and charged with possession of cocaine with intent to sell by non-drug dependant persons. In May and June, 1993, the petitioner was on trial with Wise as his attorney on a charge of murder with his co-defendant, Donald Billups, represented by Attorney Erskine McIntosh. During the trial Attorney Wise told the petitioner that the State offered to reduce the murder charge to manslaughter with a sentence of 15 years and offered a sentence of 12 years consecutive on the narcotics case (CR6-34188) and another 12 years concurrent on another narcotics case (CR6-339949) if he accepted the 15 years for manslaughter. The petitioner on his plea in the Alford Doctrine on June 23, 1993 received sentences on September 17, 1993; 16 years execution CT Page 13862 suspended after 15 years with 4 years probation in CR6-356086; 14 years execution suspended after 12 years with 4 years probation consecutive to CR6-356086 in CR6-341188; 14 years execution suspended after 12 years with 4 years probation concurrent to above which at sentencing was changed to 15 years concurrent. SeePetitioner's Exhibit 2. These petitions have been consolidated.
The petitioner testified that although he did not discuss plea bargain with his brother, Alex, nor with his co-defendant, Billups, he was told by his attorney that he would have to plea bargain on the drug cases to 12 years if his brother, Alex, was to receive the same plea bargain on the drug cases. Because he wanted to go to trial his plea was not voluntary and it occurred because Attorney Wise represented both.
His brother, Alex, testified that he went to plea on his plea bargain in 1992, See Respondent's Exhibit A, while the petitioner did not plead until a year later in 1993. He recalled discussing the plea bargain with Roy and that he, Alex, felt 12 years was less than 25 years. Roy told him he could do what he wanted but he, Roy, was going to trial. His testimony as to the date of his plea is corroborated by his arrest record. See Respondent'sExhibit A.
Devon Justin was called who had given two separate statements concerning what he had observed concerning the incident on June 6, 1989 which had to do with the shooting of Ralph Biston, the victim in the murder case of the petitioner and Billups. SeePetitioner's Exhibits 3 and 4. His testimony was similar to that which he had given at the hearing in Probable Cause, that is, that he did not see who did the shooting nor who was in the car from which the shooting occurred. See Petitioner's Exhibit 5.
When an attorney represents more than one client there can be a conflict of interest in a criminal case if one defendant stands to gain at the detriment of his co-defendants. Festo v. Luckart. 191 Comm. 622, 631.
There is evidence that Wise represented the three (3) brothers having been retained by their parents but the claim that this resulted in a conflict in representing the petitioner has not been shown. In fact the evidence is otherwise since the petitioner went to plea one year later than his brother and not dependent on his plea in behalf of the negotiation of a plea for anyone else. At the time of his plea he was likewise well aware CT Page 13863 as to the testimony of Devon Justin who had testified at his Probable Cause Hearing.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359.
For the above reasons the petition is denied.
Corrigan, JTR